**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| MANUEL DEJESUS JANDRES | CIVIL ACTION NO. 09-0897 |
| VS. | JUDGE MELANCON |
| ERIC H. HOLDER | MAGISTRATE JUDGE HILL |

### REPORT AND RECOMMENDATION

Currently before the court is Manuel DeJesus Jandres' petition for writ of *habeas corpus* filed on May 29, 2009 pursuant to 28 U.S.C. § 2241. Petitioner, a citizen and native of El Salvador, is in the custody of the Department of Homeland Security/Bureau of Immigration Customs Enforcement (DHS/ICE). He is presently detained at the Federal Detention Center in Oakdale, Louisiana. Petitioner names Attorney General Eric H. Holder. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

Petitioner alleges that he has been in the custody of ICE since November 6, 2008. However, he claims that removal proceedings have not been instituted and that the Immigration Judge has stated that the Immigration Court has no jurisdiction over petitioner's custody determination (or redetermination) because petitioner was granted temporary protected status in 1990. Petitioner claims that his protected status precludes his continued detention under the terms of the agreement and a "treaty" between the United States and El Salvador. He further asserts that his continued detention is in violation of his due process rights. Accordingly, petitioner seeks his release from custody.

The Department has a filed a Response to the petition. [rec. doc. 8]. Review of the Response, and attachments thereto, reveal that, contrary to petitioner's allegations, removal proceedings have been initiated against petitioner. Petitioner, who has been convicted of conspiracy to violate the Mann Act, for which he was sentenced to serve a term of fifteen months imprisonment, has been ordered removed by an immigration judge on July 10, 2009. Because petitioner waived his right to appeal, petitioner's Removal Order became administratively final that date. As an aggravated felon, petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c). This mandatory detention provision has been upheld by the United States Supreme Court in *Demore v. Kim*, 538 U.S. 510 (2003).

Moreover, petitioner's current detention is statutorily authorized under 8 U.S.C. § 1231(a). Section 1231(a) authorizes the Attorney General to detain criminal aliens, such as petitioner, for a 90 day period, following entry of an administratively final order of removal, to effectuate removal. Because this 90 day removal period has not elapsed in petitioner's case, his current detention is lawful. The Department further asserts that petitioner's removal to El Salvador is anticipated in the near future.

Finally, the administrative record is devoid of any evidence that petitioner is currently under temporary protective status. El Salvador has been designated as a country whose citizens may seek the benefit of temporary protective status, the latest extension of that status for El Salvadorans remaining effective through September 9, 2010. *See* 8 U.S.C. § 1254a; 8 C.F.R. § 244.1, *et seq*.; 73 Fed. Reg. 57128-01 (October 1, 2008). However,

while petitioner has submitted a document purporting to close petitioner's removal proceedings in 1990 to allow petitioner to register for temporary protective status, the Department asserts that administrative record is devoid of any evidence that petitioner applied for, and was accordingly granted, temporary protective status. Moreover, petitioner has failed to submit any competent evidence to contradict the Department's assertion.

Finally, given petitioner's status as an aggravated felon, it appears that petitioner would be ineligible for temporary protective status, if he had, in fact, applied for the benefits of such status. *See* 8 C.F.R. § 244.4 (rendering an alien convicted of a felony, defined under § 241.1 as a crime punishable by more than one year imprisonment, ineligible for temporary protective status).

For these reasons,

**IT IS RECOMMENDED** that this petition be **DENIED AND DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT**

**UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, September 7, 2009.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE